**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Sottile, | No. CV-20-01992-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Sottile, et al., | |
| Defendants. | |

Pending before the Court is the parties' second joint motion to extend the Rule 16 deadlines. (Doc. 37). Two of the deadlines the parties seek to extend have already expired. Citing cases from the Fifth Circuit that largely focus on prejudice if an extension is not granted, the parties claim they have shown they should receive an extension. (*Id.*) However, the test in this Circuit is focused on the diligence of the party seeking an extension.

Specifically, Federal Rule of Civil Procedure Rule 16(b) allows extensions as follows: "(4) A schedule may be modified only for good cause and with the judge's consent." "…Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply,

> because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). Thus, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).  Diligence is an important consideration because otherwise parties could intentionally fail to meet a deadline, thereby creating their own prejudice, and then argue a court must give them an extension due to that prejudice.

Here, while the parties have shown good cause for needing an extension, they have failed to show that they sought an extension diligently, "once it became apparent that [they] could not comply with the [O]rder." *Jackson*, 186 F.R.D. at 608. Indeed, the first deadline they seek to extend expired over a month ago.  Thus, clearly they knew at least a month ago that they could not meet the deadlines in the Scheduling Order.  Nonetheless, the parties argue: "Without the requested extension, the Parties would be prejudiced as their ability to fully prepare their respective cases would be lost."  (Doc. 37 at 3).  This "prejudice" is due to their own failure to timely disclose their expert opinions, which they argue are critical to their respective cases.  This is a prejudice completely of their own making by failing to meet the original deadlines and failing to seek an extension of the deadlines at a time when the prejudice could have been cured.

The Court is unsympathetic to the tactics employed in this case to seek an extension. Nonetheless, in the exercise of the Court's discretion, the Court will grant the extension. The parties are cautioned that there will be NO FURTHER EXTENSIONS of any expired

deadline in this case.

Based on the foregoing,

**IT IS ORDERED** granting the joint motion to continue deadlines (Doc. 37) to the limited extent that follows:

The party with the burden of proof on an issue shall make all expert disclosures required by the Federal Rules of Civil Procedure no later than **December 1, 2021**. The responding party (not having the burden of proof on the issue) shall make all expert disclosures required by the Federal Rules of Civil Procedure no later than **January 7, 2022**. The party with the burden of proof on the issue shall make its rebuttal expert disclosure, if any, no later than **February 7, 2022**.

Deadline for completing all discovery: **March 15, 2022**.

Dispositive Motion Deadline: **April 15, 2022**.[1]

**IT IS FURTHER ORDERED** that, within 30 days, any counsel who filed a notice of appearance after this Court's Scheduling Conference (December 16, 2020) must file a notice of compliance in which they affirm that they have read the Rule 16 Scheduling Order (Doc. 20) and all amendments thereto and a transcript from the Rule 16 conference.

Dated this 1st day of October, 2021.

James A. Teilborg
Senior United States District Judge

---

[1] The parties also propose a deadline to complete mediation. While the parties are encouraged to engage in mediation if they believe it would be beneficial, the Court will not extend the deadlines herein for the parties to mediate this case.